## McCLANAHAN v KOVIAK et

Ohio Appeals, 1st Dist, Hamilton Co

No 5573. Decided May 15, 1939

Harry Falk, Cincinnati, for Kathleen McClanahan.

Sanford A. Headley, Cincinnati, for Aetna Casualty & Surety Co.

## OPINION

By MATTHEWS, J.

This is an appeal in an action against the marshal of the Village of Sharonville and the surety upon his bond for damages because of invasion of the plaintiff's rights, under color of his office. The claim of the plaintiff is that, under color of his office the marshal committed an assault and battery upon, falsely imprisoned and maliciously prosecuted her.

The jury returned two general verdicts, one against the marshal for $2500, and one against the surety for $1000.00. In answer to a special interrogatory, it stated that it awarded $2500.00 as punitive or exemplary damages.

The defendants filed motions for a new trial and for judgment notwithstanding the verdict. The motions for judgment were on the ground that the evidence disclosed that the defendants were entitled to judgment. They were substantial reiterations of the motions for an instructed verdict and for judgment made by the defendants at the close of the plaintiff's evidence and at the close of all the evidence, which were overruled.

The motions for a new trial were

granted and the motions for judgment were overruled.

It is from the refusal of the court to render judgment that this appeal was taken. That such an order, under such circumstances, is a judgment or final order within **Sec. 6 of Art. IV of the Constitution**, conferring jurisdiction upon this court seems to be settled by the cases of **Hocking Valley Mining Co. v Hunter, 130 Oh St 333, 199 N. E. 184; Cincinnati Goodwill Industries v Neuerman, 130 Oh St 334, 199 N. E. 178; Hubbuck v Springfield, 131 Oh St 413, 3 N. E. (2d) 359; Murphy v Pittsburgh Plate Glass Co., 132 Oh St 68, 4 N. E. (2d.) 983; and Michigan, Ohio Coal Ass'n. v Nigh, Admr., 131 Oh St 405, 3 N. E. (2d.) 355.**

That this court has jurisdiction to review such an order is clear, but the exercise of such jurisdiction in a particular case is dependent upon it being invoked in the manner and within the time provided by statute. This brings us to the first question presented by this record. Was the jurisdiction invoked within time? If it was not, we have no power to consider or review the action of the trial court in overruling the motions for an instructed verdict, and for judgment notwithstanding the verdict.

The motion for an instructed verdict at the close of all the evidence was overruled on November 16th, 1938. On December 9th, 1938, the motions for a new trial, which were filed within three days thereafter, were sustained and the motions for judgment notwithstanding the verdict were overruled. The notice of intention to appeal was filed on December 15th, 1938. Twenty-nine days elapsed between the overruling of the motion for an instructed verdict and the filing of the notice of intention to appeal, and five days between such notice and the order granting the new trial and overruling the motion for judgment notwithstanding the verdict.

The law (§12223-7, GC) provides that the appeal shall be perfected within twenty days "after the entry of the order, judgment, decree, or other matter for review", with this proviso, as amended effective Aug. 23, 1937:

"Provided, that, when a motion for new trial is duly filed by either party within three days after the verdict or decision then the time of perfecting the appeal shall not begin to run until the entry of the order overruling or sustaining the motion for new trial."

It seems clear from this proviso that, although the motion for an instructed verdict was overruled on November 16th, 1939, the time for perfecting the appeal did not start to run until December 9th, 1938, when the entry was made journalizing the court's ruling on the motion for a new trial.

While the granting of a motion for a new trial is not a final order in the absence of an abuse of discretion and is, therefore, not reviewable by this court **(Hoffman v Knollman, 135 Oh St 170)**, we know of nothing to preclude the legislature from fixing that date for the commencement of the running of the period of limitation for the invoking of the jurisdiction of this court to review the action of the trial court in overruling the motions for an instructed verdict and for judgment notwithstanding the verdict, which are judgments or final orders.

We proceed, therefore, to consider the action of the trial court in overruling these motions.

(1) In passing upon the motion for an instructed verdict, it was the duty of the court to overrule it if, construing the evidence most favorably to the plaintiff, reasonable minds could reach different conclusions. **Hamden Lodge No. 517 v Ohio Fuel Gas Co., 127 Oh St 469.** And it is the duty of this Court in reviewing the action of the trial court in this respect to observe the same rule. Now, with this in mind, we consider the evidence in the record.

If the plaintiff's testimony is accepted as true, she committed no offense in the marshal's presence, there was nothing in her conduct which would cause

a reasonable man to conclude that she had. Upon what hypothesis then could she be lawfully arrested and deprived of her liberty? The marshal was not acting under the mandate of a warrant, fair upon its face. The arrest was without a warrant. His authority, therefore, was limited to those "found violating a law of this state, or an ordinance of a city or village." §13432-1, GC. Assuming that an appearance of criminal conduct by the person arrested which would cause a reasonable person to conclude that a crime was being committed in his presence is sufficient to satisfy the statute and create authority in the marshal (and we think that is the rule) 3 O. Jur. 176, still, in this case, the evidence was properly submitted to the jury to draw the inferences and pass upon the credibility of the witnesses.

The motion of the defendants for an instructed verdict was, therefore, properly overruled.

(2) The jury, in answer to a special interrogatory, stated that it awarded $2500.00 as exemplary or punitive damages. As that is the exact amount of the general verdict, it is urged by the surety that inasmuch as it is only liable for compensatory damages, the court should have rendered final judgment in its favor on this finding under the provisions of §11420-18, GC.

It is true that a corporation is not liable for exemplary damages, unless through its governing officers it directed, participated in, or ratified the wrongful act justifying the award of exemplary damages. Columbus R. Power & Light Co. v Harrison, 109 Oh St 526.

It is equally true that in no case may exemplary damages be awarded against any defendant unless there is actual damage. 13 O. Jur. 243; et seq.; Cahill v Fidelity & Casualty Co.. 37 Oh Ap 444.

So that if the implication drawn by appellant corporation is sound, the answer to the special interrogatory would require the entering of a judgment in favor of both defendants.

But the jury found on the issue of liability in favor of the plaintiff. It found that the arrest was unlawful. A finding—general or special—that no actual damage resulted from this unlawful act under the evidence in this case would be manifestly against the weight of the evidence.

We find that the court did not err in not entering judgment for the defendant upon the special finding.

We note that since the granting of the motion for a new trial, an amended petition has been filed under which new issues may be presented for determination of the jury, as for instance, excessive force amounting to an assault and battery. Comment on rulings on evidence relating to the issues would serve no purpose.

We find on the whole record that the court did not err in refusing to enter judgment for the defendants and limit our decision to that finding.

The orders appealed from are affirmed.

HAMILTON, PJ, & ROSS, J, concur.